COURT OF APPEALS
DECISION
DATED AND FILED

July 22, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1403**

Cir. Ct. No. **2023GN197**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

IN THE MATTER OF THE GUARDIANSHIP OF C.R.R.:

KELLY R. ROSE,

   PETITIONER-RESPONDENT,

WAUKESHA COUNTY,

   INTERESTED PARTY-RESPONDENT,

   V.

C.R.R.,

   RESPONDENT,

RUSSELL O. ROSE,

   INTERESTED PARTY-APPELLANT.

---

APPEAL from orders of the circuit court for Waukesha County: CODY J. HORLACHER, Judge. *Affirmed*.

Before Gundrum, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Russell O. Rose appeals from two orders of the circuit court dismissing his sixth and seventh petitions for review of conduct of his adult son's guardian, Kelly R. Rose. Based upon our review of the briefs and Record, for the following reasons, we affirm.

## BACKGROUND

¶2 In November 2023, Cory's[1] mother, Kelly, petitioned to be appointed permanent guardian of his person. Thereafter, his father, Russell, cross-petitioned to be designated the permanent guardian of both Cory's person and estate. Cory's mother and father are divorced, and at the time the petitions were filed, Cory was 17 years old. Cory's diagnosed condition causes him to experience "chronically … significant delays in cognitive, language, and social functioning."

¶3 After the February 2024 guardianship hearing, the circuit court dismissed Russell's guardianship petitions and appointed Kelly as Cory's sole guardian of his person.[2]

---

[1] Consistent with WIS. STAT. RULE § 809.19(1)(g) (2023-24), we refer to C.R.R. by the pseudonym "Cory." Because his parents share the same surname, we refer to each by their first name.

All references to the Wisconsin Statutes are to the 2023-24 version.

[2] Instead of appointing a guardian of the estate, the circuit court designated a transfer according to one of the alternatives for small estates under WIS. STAT. § 54.12(1).

¶4 Thereafter, Russell filed successive petitions for review of conduct of a guardian, continually alleging that Kelly knowingly isolated their son Cory from him in violation of WIS. STAT. § 54.68(2)(cm). We affirmed the circuit court's denial of Russell's first and dismissal of his second, fourth, and fifth petitions for review of conduct.[3] **Rose v. C.R.R.**, 2025 WI App 52, 418 Wis. 2d 155, 25 N.W.2d 293, *review denied* (WI Feb. 12, 2026) (No. 2024AP1450); **Rose v. C.R.R.**, Nos. 2025AP267, 2025AP443, unpublished slip op. (WI App Dec. 10, 2025).

¶5 Russell filed his sixth review of conduct in April 2025, alleging Kelly isolated Cory from family in violation of WIS. STAT. § 54.68(2)(cm), including by not replying to emails from Cory's grandmother. Waukesha County filed a motion to dismiss, alleging Russell did not have standing to bring the review of conduct because he was not an "interested person" as defined by WIS. STAT. § 54.01(17)(b), and in the alternative, the hearing should be limited due to res judicata. Kelly, Cory's guardian ad litem (GAL), and Russell each filed letters or briefs regarding the motion to dismiss. In May 2025, the circuit court granted the motion to dismiss, reasoning in its written order:

> [Russell] has brought six review of conduct and motions to remove Kelly, his ex-wife, as guardian over their adult son. [Russell] has brought upon endless litigation based on the same set of circumstances, against Kelly. This [c]ourt has found five times prior on the merits that Kelly was acting in the best interest of [Cory] and was not isolating [Cory] from his family resulting in final judg[]ment.

Thus, the court dismissed Russell's sixth review of conduct and determined any issue of standing was moot.

---

[3] Russell withdrew his third petition to review the conduct of a guardian at an October 14, 2024 hearing.

¶6 While briefing the motion to dismiss, Russell sought to depose Cory. The circuit court declined Russell's proposed order to depose Cory. Russell contended that under WIS. STAT. § 54.68(3) he could avail himself of "any of the methods of discovery specified in [WIS. STAT.] ch. 804 in support of the petition to review conduct of the guardian." In response, the GAL filed a motion seeking a protective order on Cory's behalf as "deposing [Cory] will cause him an undue burden, annoyance in the form of disruption to his normal routine, and oppression in the form of emotional distress." The GAL further stated that Cory "becomes agitated, angry, and shows noticeable signs of anxiety when asked about the prospect of seeing his father[,]" and Cory "has repeatedly expressed that he does not want to see his father."

¶7 Russell filed a brief in opposition to the motion for protective order. Nevertheless, the circuit court, as part of the dismissal order of Russell's sixth review of conduct, additionally ordered, "the protective order requested by the GAL is hereby granted as there is no legitimate reason to depose any party in this action."

¶8 Nine days later, Russell filed his seventh review of conduct alleging Kelly was isolating Cory by not allowing Cory to receive a sandwich from Russell. In support, Russell referenced and attached a video of the interaction on a thumb drive. The circuit court scheduled Russell's seventh review of conduct for a June 2025 hearing. Prior to the hearing, Russell filed an "addendum" with additional allegations of isolation by Kelly. Thereafter, Waukesha County filed a motion to dismiss alleging Russell lacked standing, and, in the alternative, the allegations were without evidentiary support. Russell filed an objection to the motion to dismiss alleging the motion was untimely.

4

¶9     At the June 2025 hearing, the circuit court noted the motion to dismiss was untimely under WIS. STAT. RULE § 801.15(4) but proceeded to dismiss the seventh review of conduct, finding that Cory did not want to see Russell and Russell's claims were barred by res judicata. The court further found Russell is not an interested person under WIS. STAT. § 54.01(17)(b) and removed him from the case.

¶10     Russell now seeks an appeal of the orders from May 2025 and stemming from the June 2025 hearing.

## DISCUSSION

¶11     Russell's appeal posits six issues: (1) whether the circuit court erred in not holding a hearing for a petition for review of conduct "as required by [WIS. STAT. §] 54.68(3)"; (2) whether the court erroneously exercised its discretion in issuing a protective order "without a hearing, or any testimony given, contrary to [WIS. STAT. §§] 804.01(3) and … 54.68(3)"; (3) whether the court erred in ruling on a motion that was not properly before it, "contrary to [WIS. STAT. §] 801.15(4)"; (4) whether the court erred in removing Russell as an "interested person" from the matter "contrary to [WIS. STAT. §] 50.085(1)(am)"; (5) whether the court erred in removing him from the e-filing system "as there was no order to do so"; and (6) whether the court "is in perpetual error for continuing to waive the appearance of [Cory] throughout the entirety of this matter."

¶12     To start, we observe that Russell's arguments generally lack citations to legal authority. While we acknowledge that Russell is a pro se litigant for whom "some leniency may be allowed," *Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992), pro se litigants "are bound by the same rules that apply to attorneys on appeal," *id.*, and "we will not abandon our neutrality to develop

arguments," *Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. Where Russell's arguments are not supported by legal authority, we need not address them. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered."). Nevertheless, in the interest of completeness, we will address Russell's individual arguments as best we are able to discern them.

    *1. The circuit court did not err by not holding a hearing on the sixth petition for review of conduct, and Russell is not an "interested person" for purposes of proceedings subsequent to an order for guardianship.*

¶13    Russell claims that he is entitled to a hearing on his April 2025 petition for review of conduct and the circuit court erred by not holding one. He argues that the court improperly applied res judicata to dismiss his petition. Whether the doctrine of claim preclusion, or res judicata, applies under a given factual scenario is a question of law that appellate courts review de novo. *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995).

¶14    In its May 2025 order, the circuit court noted that Russell was pursuing a sixth petition for review of conduct since February 2024. It noted that "[a]ll six petitions alleged isolation of the adult ward, [Cory], from family on the part of … Kelly … in violation of [WIS. STAT. §] 54.68(2)(cm)" and that the previous five petitions were "denied [for] lacking merit." Relying on *Kruckenberg v. Harvey*, 2005 WI 43, ¶20, 279 Wis. 2d 520, 694 N.W.2d 879, the court found:

> In this matter, [Russell] has brought six review of conduct and motions to remove Kelly, his ex-wife, as guardian over their adult son. [Russell] has brought upon endless litigation based on the same set of circumstances, against Kelly. This [c]ourt has found fives times prior on the merits that Kelly was acting in the best interest of [Cory] and was not isolating [Cory] from his family resulting in final judg[]ment.

6

Thus, the circuit court dismissed the petition for review of conduct on the basis of res judicata or claim preclusion.

> ¶15     For res judicata to apply, three elements must be met:
>
> (1) identity between the parties or their privies in the prior and present suits;
>
> (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and
>
> (3) identity of the causes of action in the … suits.

*Kruckenberg*, 279 Wis. 2d 520, ¶21 (citation omitted).  All of Russell's petitions for review of conduct involved his pursuit of removing his ex-wife Kelly, as guardian of Cory, and the circuit court had issued final judgment where it found four times prior on the merits that Kelly was acting in the best interest of Cory and was not isolating Cory from his family, and the causes of action in all the petitions for review of conduct rested on WIS. STAT. § 54.68(2)(cm).  We conclude that Russell's sixth petition for review of conduct is barred by res judicata and affirm the circuit court's decision.

¶16     Russell argues that he presents new facts in his successive petitions for review of conduct and he does not believe res judicata applies.  However, "Wisconsin has adopted the 'transactional approach' set forth in the Restatement (Second) of Judgments to determine whether there is an identity of the claims between two suits." *Kruckenberg*, 279 Wis. 2d 520, ¶25 (citing *DePratt v. West Bend Mut. Ins. Co.*, 113 Wis. 2d 306, 311–12, 334 N.W.2d 883 (1983)).  *See* Restatement (Second) of Judgments (1982).  Although Russell alleges additional facts, the petitions arise from the same aggregate operative facts and challenge the same course of conduct that formed the basis of the prior proceedings, based on his allegation that Kelly is "[k]nowingly isolating a ward from the ward's

family members." *See* WIS. STAT. § 54.68(2)(cm). The newly alleged facts do not constitute a new transaction or occurrence but merely provide additional support for his claim that was litigated previously. *See **Kruckenberg***, 279 Wis. 2d 520, ¶¶25-30. Russell's argument that "fairness" should trump the application of res judicata does not hold water: as set forth, *infra*, Kelly is not isolating Cory from Russell; Cory himself does not wish to see his father.

¶17 An appellate court may affirm a circuit court's decision on grounds different from those relied upon by the circuit court if the record supports the result and no additional factfinding is required. *See **Mercado v. GE Money Bank***, 2009 WI App 73, ¶2, 318 Wis. 2d 216, 219, 768 N.W.2d 53. This principle applies to discretionary determinations, provided the alternative ground does not require the appellate court to exercise discretion in the first instance. We conclude that the circuit court's discretionary decision is also supported by the alternative argument that Russell does not have standing to pursue petitions for review of conduct against Kelly as the guardian of Cory.

¶18 WISCONSIN STAT. ch. 54 defines "interested person" specifically as it pertains to the type of proceeding: those who are interested persons "[f]or purposes of a petition for guardianship," WIS. STAT. § 54.01(17)(a), and those who are interested persons "[f]or purposes of proceedings subsequent to an order for guardianship," § 54.01(17)(b). A determination and order for guardianship of Cory has been rendered,[4] and any subsequent proceedings are governed by § 54.01(17)(b).

---

[4] At the time the parties filed their respective petitions for permanent guardianship, "[i]nterested person[s]" included, as relevant to "purposes of a petition for guardianship":

¶19 "For purposes of proceedings subsequent to an order for guardianship," "[i]nterested person[s]" are defined as follows:

> 1. The guardian.
>
> 2. The spouse or adult child of the ward or the parent of a minor ward.
>
> 3. The county of venue, through the county's corporation counsel, if the county has an interest.
>
> 4. Any person appointed as agent under a durable power of attorney under [WIS. STAT.] ch. 244, unless the agency is revoked or terminated by a court.
>
> 5. Any other individual that the court may require, including any fiduciary that the court may designate.

WIS. STAT. § 54.01(17)(b).

¶20 Russell does not qualify as an "[i]nterested person" "[f]or purposes of proceedings subsequent to an order for guardianship." He is not Cory's guardian; he is not Cory's spouse or adult child, nor is he the parent of a minor ward, as Cory is over the age of 18; he is not an appointed agent under a durable power of attorney; and he is not otherwise required or designated by the court as a fiduciary. Because statutorily he is not an interested person in this case, we conclude he has no standing to pursue a petition for conduct in this matter.

---

> 2. The spouse or adult child of the proposed ward, or the parent of a proposed ward who is a minor.
>
> 3. For a proposed ward who has no spouse, child, or parent, an heir, as defined in [WIS. STAT. §] 851.09, of the proposed ward that may be reasonably ascertained with due diligence.

WIS. STAT. § 54.01(17)(a)2., 3. At that time, Russell statutorily was an interested person.

9

2. *The circuit court did not erroneously exercise its discretion by granting without a hearing the protective order prohibiting Russell from deposing Cory.*

¶21 Russell alleges the circuit court erred by not holding a hearing on the request for a protective order. A circuit court's discretionary decisions are reviewed under the erroneous exercise of discretion standard. *Weborg v. Jenny*, 2012 WI 67, ¶41, 341 Wis. 2d 668, 816 N.W.2d 191. "A circuit court erroneously exercises its discretion if it applies an improper legal standard or makes a decision not reasonably supported by the facts of record." *Id.* (citation omitted).

¶22 Russell relies on WIS. STAT. § 804.01(3) for his argument. However, § 804.01(3) does not require a hearing prior to the entry of a protective order, and Russell develops no further argument. For a court to consider a protective order, there need only be a motion and good cause shown. Sec. 804.01(3)(a).

¶23 The GAL filed a motion seeking a protective order on Cory's behalf as "deposing [Cory] will cause him an undue burden, annoyance in the form of disruption to his normal routine, and oppression in the form of emotional distress." The GAL further stated that Cory "becomes agitated, angry, and shows noticeable signs of anxiety when asked about the prospect of seeing his father[,]" and "[Cory] has repeatedly expressed that he does not want to see his father." The circuit court reasonably relied on the GAL's assertions in granting the protective order, pursuant to WIS. STAT. § 804.01(3), which states:

> **(3) Protective orders.** (a) Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including but not limited to …:
>
> 1. That the discovery not be had[.]

¶24    Further, because Russell statutorily is not an interested person with respect to the guardianship of his adult son, the circuit court did not err in concluding that "there is no legitimate reason to depose any party in this action."

¶25    Russell's reliance on WIS. STAT. § 54.68(3) for the proposition that he is entitled to depose his adult son is misplaced, as he cherry-picked from the statute for support.   The statute says, "[t]he [circuit] court *may* authorize use by the petitioner of any of the methods of discovery specified in [WIS. STAT.] ch. 804 in support of the petition to review conduct of the guardian."  WIS. STAT. § 54.68(3) (emphasis added).   We interpret the word "may" according to its common and ordinary meaning of granting permission.  *See City of Wauwatosa v. County of Milwaukee*, 22 Wis. 2d 184, 191, 125 N.W.2d 386 (1963) ("Generally in construing statutes, 'may' is construed as permissive and 'shall' is construed as mandatory unless a different construction is demanded by the statute in order to carry out the clear intent of the legislature.").  It denotes a permissive not a mandatory action: the court has discretion to authorize (or not) any method of discovery pursued by Russell.  The court exercised this discretion when it granted the protective order requested by the GAL.

¶26    For the foregoing reasons, we conclude the circuit court did not erroneously exercise its discretion in issuing the protective order prohibiting Russell from deposing Cory.

   3. *The circuit court properly dismissed the seventh petition for review of conduct.*

¶27    Russell claims the circuit court could not dismiss his seventh review of conduct because there was no proper motion to rule on as the motion to dismiss was not received at least five days prior to the hearing.  While generally, "[a] written

11

motion ... and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by statute or by order of the court[,]" WIS. STAT. § 801.15(4), the court implicitly exercised its discretion and shortened the five-day notice requirement by proceeding to address and grant the motion to dismiss. Our supreme court has held, "[t]he [circuit] court's decision to shorten the statute's five-day notice requirement is a matter addressed to the court's discretion." *Eden Stone Co. v. Oakfield Stone Co.*, 166 Wis. 2d 105, 112, 479 N.W.2d 557 (Ct. App. 1991).

¶28    While the circuit court did note the motion was not filed in accordance with WIS. STAT. § 801.15, the court implicitly shortened that time by proceeding to rule on the motion. As the court maintained the discretion to shorten the time, we conclude the court did not err by implicitly shortening the time by a single day.

*4. The circuit court did not err by removing Russell as an "interested person."*

¶29    In its order subsequent to the June 2025 hearing on the seventh petition for review of conduct, the circuit court found that Russell is not an "interested person[.]" As discussed, *supra*, Russell statutorily is not an interested person in this matter. *See* WIS. STAT. § 54.01(17)(b). Russell mistakenly relies on WIS. STAT. § 50.085(1)(am), which is the definitions section for the statute concerning visitation by family members at care and service residential facilities, which is not applicable to Cory's guardianship. As Russell fails to develop legal arguments supporting his claim, we decline to consider it. *See **Pettit***, 171 Wis. 2d at 646 ("Arguments unsupported by references to legal authority will not be considered.").

*5. The circuit court did not err in removing Russell as an "interested person" and removing his access to the case via the e-filing system.*

¶30    Russell does not cite to legal authority for his argument that the circuit court erred in removing him from the case as an "interested person" and removed his access to the case via e-filing. *See **Pettit***, 171 Wis. 2d at 646. However, our analysis, *supra*, concluding that Russell statutorily is not an "interested person" in these proceedings, establishes that he is not a proper party in this case and therefore does not require access to the e-filing system. Thus, we conclude the court did not err in removing Russell as an "interested person" and removing his access to the case via the e-filing system.

*6. The circuit court did not err by continuing waiver of Cory's appearance.*

¶31    Russell argues "the [c]ircuit [c]ourt is in perpetual error for continuing to waive the appearance of [Cory] throughout the entirety of this matter." Russell cites ***Racine County v. P.B.***, 2022 WI App 62, 405 Wis. 2d 383, 983 N.W.2d 721 to support his argument that the waiver of Cory's appearance was an error by the court. However, Russell ignores many factual differences between ***P.B.*** and this case.

¶32    For one, the individual subject to petitions for guardianship and protective placement in ***P.B.*** wanted to be present for the hearings. ***Id.***, ¶6. In addition, the GAL had specifically advised the circuit court that P.B. "'can attend the hearing in court.'" ***Id.***, ¶3 (emphasis omitted). Here, Cory, through advocate counsel, expressed his desire not to be present. In addition, the GAL communicated to the court the significant stress that court proceedings put on Cory. Specifically, the GAL conveyed to the court in a letter that her meetings with Cory about the prior reviews of conduct caused Cory to appear "stressed, irritable, and uncomfortable[.]" She further conveyed "that continuing to put [Cory] in a position where he is around

13

his father, or asked about his desire to see his father, serves to unnecessarily provoke him and upset him[.]" In the motion for protective order, the GAL stated Cory "becomes agitated, angry, and shows noticeable signs of anxiety when asked about the prospect of seeing his father." She continued, "[Cory] has repeatedly expressed that he does not want to see his father."

¶33 Furthermore, while the circuit court indicated it will not "give carte blanche that he never has to appear in court[,]" the court noted, "I saw the amount of stress that [Cory]'s under. … The back and forth that this matter has been in is going to do no good to [Cory] to see any of this."

¶34 Moreover, the exercise of Cory's right to be present at the hearing rests with Cory, not Russell. *See* WIS. STAT. § 54.42(5). Unlike in ***P.B.***, where P.B. vocalized the desire to be present for the hearing, 405 Wis. 2d 383, ¶1, Cory has not. He has been represented by advocate counsel and a GAL at various points throughout these proceedings, and his wishes have been conveyed to the circuit court.

¶35 For the foregoing reasons, we conclude the circuit court did not err when it continued to waive Cory's appearance at subsequent reviews of conduct that were dismissed on res judicata grounds.

*By the Court*.—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.